UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SPECIALTY DIVING OF LOUISIANA, INC. | CIVIL ACTION |
| VERSUS | NO. 05-1202 |
| MICHAEL J. MAHONEY | SECTION "N" (1) |

### ORDER AND REASONS

Before the Court are the "Motion to Dismiss Complaint for Declaratory Judgment" (Rec. Doc. No. 13) filed by defendant Michael J. Mahoney and the "Motion for Summary Judgment" (Rec. Doc. No. 18) filed by plaintiff Specialty Diving of Louisiana, Inc. ("Specialty Diving"). For the reasons stated herein, the defendant's motion to dismiss is **GRANTED**. Accordingly, the plaintiff's motion for summary judgment is rendered moot.

### I. BACKGROUND

On December 20, 2004, Michael Mahoney, a deep sea diver, allegedly suffered serious injury to his sinus cavity while performing an underwater survey on a supertanker for his employer, Specialty Diving.[1] Mahoney claims that he was off the bow of the vessel, under water, tethered to a life line in a controlled descent, when he was suddenly dropped. He asserts that he went into a rapid free fall and consequently experienced a radical change in compression. He was brought to the surface bleeding from his nostrils. Operating the life line were deck personnel in the service of the vessel, as well as a coordinator employed by Specialty Diving.

Seeking to recover for his injuries, Mahoney filed suit in the 25th Judicial District Court in and for the Parish of Plaquemines on April 7, 2005. He named as defendants both Specialty

---

[1] The supertanker was located near the Southwest Pass of the Mississippi River when the incident occurred.

Diving and the owner/operator of the vessel whose crew members were assisting in the handling of Mahoney's lifeline at the time of the accident. On March 30, 2005, prior to Mahoney filing suit in state court, however, Specialty Diving filed its own suit in this Court--specifically, a Complaint for Declaratory Judgment. In its complaint, Specialty Diving prays that this Court enter a judgment declaring that Mahoney is not a seaman, as that term is defined by any applicable law, and is therefore not entitled to remedies, benefits and damages afforded seamen by the general maritime law, the Jones Act and/or any laws of the United States of America conferring benefits or causes of action on seamen. Subsequently, on August 8, 2005, Mahoney filed the motion to dismiss currently before the Court. In his motion, he asks the Court to dismiss the plaintiff's complaint on the basis that the issues raised by Specialty Diving can adequately be addressed during the proceeding pending in state court and that his choice of forum should be given appropriate consideration.

## II. LAW AND ANALYSIS

The Declaratory Judgment Act provides, in pertinent part, as follows:

> In a case of actual controversy within its jurisdiction ... , any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201, *et seq*. When confronted with a motion to dismiss a complaint for declaratory judgment, a district court must determine three things–(1) whether the action before it is justiciable; (2) whether it has authority to grant declaratory relief; and (3) whether, under its discretion, the court should dismiss or decide the declaratory action. *The Sherwin-Williams Co. v. Holmes County*, 343 F.3d 383, 387 (5th Cir. 2003).

Applying the three-step analysis out-line by the Fifth Circuit, the Court first finds that it is presented with a justiciable action. As noted by the Fifth Circuit, "a declaratory judgment is ripe for adjudication only where an 'actual controversy' exists." *Orix Credit Alliance, Inc. v. Wolfe*, 212 F.3d 891, 896 (5th Cir. 2000) (citing 28 U.S.C. § 2201(a)). A court may find that an actual controversy exists if it is confronted with a substantial controversy of sufficient immediacy and if the parties before it have adverse legal interests. *Id.* (citing *Middle South Energy, Inc. v. City of New Orleans*, 800 F.2d 488, 490 (5th Cir. 1986)). Whether the facts at hand are sufficiently immediate to establish an actual controversy should be determined on a case-by-case basis. *Id.* Without a doubt, in the case *sub judice*, a substantial controversy presently exists between two adverse parties. Mahoney, the defendant in this action for declaratory relief, complains of an actual, not hypothetical or potential, serious injury that he has suffered, which injury he alleges was caused in part by his employer at the time of the incident, Specialty Diving, the plaintiff in this action. Thus, the Court finds the justiciability requirement met.

Additionally, the Court finds that it has authority in this instance to grant declaratory relief. The Declaratory Judgment Act is a procedural statute and, therefore, it does not itself confer jurisdiction upon a court. *See Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 15-16 (1983); *Lowe v. Ingalls Shipbuilding, A Division of Litton Systems, Inc.*, 723 F.2d 1173, 1179 (5th Cir. 1984); *Ochsner Health Plan v. Northern Louisiana Physician Hosp. Org, Inc.*, No. 01-CV-2601, 2002 WL 31833903, *4 (E.D. La. Dec. 16, 2002). Consequently, this Court has jurisdiction over the present matter only if it falls within an express congressional grant of jurisdiction. *See Ochsner*, 2002 WL 31833903 at *4. Specialty Diving alleges in its complaint that federal question jurisdiction exists in this case under 28 U.S.C. § 1331 and that federal maritime

jurisdiction exists under 28 U.S.C. § 1333. The Court agrees with plaintiff that its complaint states a federal question–specifically, whether plaintiff is a seaman, covered by the Jones Act, codified at 46 App. U.S.C.A. § 688.[2] Because the Court finds that it has federal question jurisdiction over the plaintiff's claim, it need not address whether the exercise of jurisdiction under 28 U.S.C. § 1333 would be proper.

As to the third consideration, the Court, in its discretion, finds that the facts of this case favor dismissal of the plaintiff's complaint. It is well-settled in the Fifth Circuit that a court is not obligated to provide declaratory relief when such relief is sought. *See e.g., Odeco Oil and Gas Co., Drilling Division v. Bonnette*, 4 F.3d 401, 404 (5th Cir. 1993); *Rowan Companies, Inc. v. Griffin*, 876 F.2d 26, 28 (5th Cir. 1989); *Mission Ins. Co. v. Puritan Fashions Corp.*, 706 F.2d 599, 601 (5th Cir. 1983) (recognizing that the Declaratory Judgment Act provides the district court with "a choice, not a command"). Rather, declaratory relief is a matter within the sound discretion of the district court. *Odeco Oil*, 4 F.3d at 404. Clearly, though, a court may not dismiss a complaint for declaratory judgment "on the basis of a whim or personal disinclination." *Rowan*, 876 F.2d at 28-29. The Fifth Circuit has instructed that in determining whether to decide a declaratory judgment suit, the district court must consider the following seven non-exclusive factors: (1) whether there is a pending state court proceeding during which the matters in controversy may be fully litigated; (2)

---

[2]The Court acknowledges that the Fifth Circuit has endorsed the following rule with respect to whether a declaratory judgment complaint states a federal question: "'If, but for the availability of the declaratory judgment procedure, the federal claim would arise only as a defense to a state created action, jurisdiction is lacking'." *See Lowe*, 723 F.2d at 1180 (quoting *Public Service Commission of Utah v. Wycoff Co.*, 344 U.S. 237, 248 (1952)). Accordingly, the Court notes that in the instant case, claims under the Jones Act would be at issue regardless of whether Specialty Diving filed a complaint for declaratory judgment. Thus, the rule asserted in *Lowe* is not violated here.

whether the complaint for declaratory judgment was filed in anticipation of another suit; (3) whether the declaratory action is being used by the claimant for purposes of forum shopping; (4) potential inequities that may arise due the claimant's ability to gain precedence with respect to time and forum; (5) the convenience of the federal court forum to the parties and/or witnesses; (6) whether retaining the declaratory action would serve purposes of judicial economy; and (7) whether the federal court is being requested to interpret or construe a state judicial decree concerning the same parties and entered by the court before which the parallel state suit between the parties is pending. *Sherwin-Williams*, 343 F.3d at 388

In regard to the first and sixth factors, Specialty Diving does not contest that there is a state court proceeding pending at this time, which suit involves both of the parties participating herein, as well as the same accident at issue in this case. Nor does Specialty Diving contest that the matters at controversy in this declaratory action may be, and most likely will be, fully litigated during the state court proceeding. In light of this, judicial economy would be best served by the parties litigating all issues with respect to Mahoney's alleged injury in one forum. As to the second factor, the Court finds that the plaintiff did file its declaratory judgment suit in anticipation of the suit that Mahoney later filed in the 25th Judicial District Court for the Parish of Plaquemines. Specialty Diving emphasizes in its memorandum in opposition to Mahoney's motion to dismiss that it did not file this action until at least a month after Mahoney indicated that he planned on filing a Jones Act suit. The Court finds this assertion unconvincing. The plaintiff knew that the defendant intended to file an action in which he would claim that he was a seaman and seek all of the benefits of such status. Subsequently, it filed this suit, requesting that the Court declare just the opposite. It appears obvious to the Court that, in filing its Complaint for Declaratory Judgment, Specialty Diving was

motivated by Mahoney's assertion that he planned to file suit. Accordingly, with respect to the third and fourth factors, it is apparent that Specialty Diving chose this forum so as to deprive Mahoney of his right to select a forum of his choice. Likely, if he has not already done so, Mahoney will seek to have his state proceeding tried by a jury. If the Court were to enter a declaratory decree on his status as a seaman, it would deprive Mahoney of his right to have a jury try this issue.[3] Finally, with respect to the last factor, the Court notes that it is not being asked to construe a state judicial decree. After applying the seven factors to the case at hand, the Court finds that a dismissal of the plaintiff's complaint is in order.

### III. CONCLUSION

In light of the Court's foregoing analysis and the long-standing trend in this district to dismiss pre-emptive declaratory judgment actions in maritime personal injury cases,[4] **IT IS ORDERED** that Mahoney's "Motion to Dismiss Complaint for Declaratory Judgment" **IS**

---

[3]At trial, Mahoney will have to prove his seaman status in order to recover maintenance and cure under the general maritime law, and to recover under the Jones Act. The Jones Act provides a seaman who was injured during the course of employment the right to maintain an action for damages and to request a jury trial. *See* 46 App. U.S.C.A. § 688(a). Mahoney also has a right to have his maintenance and cure claims tried before a jury. As stated by the Supreme Court in *Fitzgerald v. United States Lines Co.*, "a maintenance and cure claim joined with a Jones Act claim must be submitted to the jury when both arise out of one set of facts." 374 U.S. 16, 21 (1963). If this Court were to enter a judgment declaring that Mahoney is not a seaman, he would be deprived of his right to have a jury try these issues, because judgments made under the Declaratory Judgment Act "have the force and effect of a final judgment or decree."

[4]*See e.g., R & B Falcon Drilling USA, Inc. v. Crosby*, No. 02-CV-2059, 2003 WL 145532 (E.D. La. Jan. 17, 2003); *Rowan Companies, Inc. v. Blanton*, 764 F. Supp. 1090 (E.D. La. 1991); *B.J. Services, Inc. v. Jackson*, No. 96-CV-2369, 1996 WL 554640 (E.D. La. Sept. 27, 1996); *The Complaint of T. Baker Smith & Son, Inc.*, No. 97-CV-3319, 1998 WL 151435 (E.D. La. Mar. 25, 1998); *In the Matter of the Complaint of Pride Offshore, Inc.*, No. 00-CV-2489, 2001 WL 13336 (E.D. La. Jan. 5, 2001).

**HEREBY GRANTED,** and Specialty Diving's Complaint for Declaratory Judgment **IS HEREBY DISMISSED**. Accordingly, Specialty Diving's "Motion for Summary Judgment" is rendered **MOOT**.

New Orleans, Louisiana, this 30th day of January, 2006.

Kurt D. Engelhardt
United States District Judge
